# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Cr. No. 20-10052-STA-16 |
| ) | |
| **TRACY COLEMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER OF DETENTION

Before the Court is Defendant Tracy Coleman's Notice of Appeal of the United States Magistrate Judge's order of detention (ECF No. 276) filed on November 18, 2020. For the reasons set forth below, the Magistrate Judge's order of detention is **AFFIRMED**.

## BACKGROUND

On September 28, 2020, the United States filed a sealed Criminal Complaint against Coleman and sixteen other individuals, alleging that they were part of a drug trafficking conspiracy in violation of 21 U.S.C. § 841(a) and § 846. The same day the Magistrate Judge issued a warrant for Coleman's arrest. Coleman had his initial appearance on September 29, 2020, at which time the Magistrate Judge appointed CJA counsel to represent Coleman. Another Magistrate Judge found probable cause for the charge and ordered Coleman's detention at a hearing on October 1, 2020. On October 8, 2020, a grand jury sitting in the Western District of Tennessee returned a sealed indictment against Coleman, charging him and several co-Defendants with one count of conspiring to distribute and possess with the intent to distribute cocaine in violation of 21 U.S.C.

§ 846.

Coleman now requests review of the Magistrate Judge's detention order. In his written brief, Defendant states that since his detention hearing, he has retained new counsel, and his appointed attorney has withdrawn. Other than this changed circumstance, Coleman does not argue how the Magistrate Judge erred in denying him a bond or why the Court should review the Magistrate Judge's ruling.

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The United States Supreme Court has explained that the Bail Reform Act "operates only on individuals who have been arrested for a specific category of extremely serious offenses," *United States v. Salerno*, 481 U.S. 739, 750 (1987), defined in 18 U.S.C. § 3142(f) to include a drug "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*.)" or "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm . . . ." 18 U.S.C. § 3142(f)(1)(C) & (E). "Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest." *Salerno*, 481 U.S. at 751 (citing S.Rep. No. 98–225, at 6–7).

Based on its *de novo* review of the Magistrate Judge's order, the testimony and evidence at the detention hearing, and the entire record of the proceedings, the Court agrees with the Magistrate Judge that detention is warranted in this case. Coleman is charged with a drug trafficking offense, which carries a presumption in favor of detention. *See* 18 U.S.C. §

3142(e)(3)(A) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . ."); *see also* § 3142(g)(1) (directing judicial officers to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

The Magistrate Judge found probable cause for the charge in the government's Criminal Complaint, though he noted the evidence introduced at the probable cause hearing was not overwhelming. Having reviewed a video recording of the testimony from the probable cause hearing, the Court tends to agree that the proof, though minimal, cleared the relatively low bar for probable cause. What is more, the grand jury's subsequent indictment establishes probable cause to believe Coleman committed the drug trafficking charge alleged against him. "[C]ourts making bail determinations are stuck . . . with the grand jury's finding" of probable cause. *Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014) (restating that "an indictment returned by a proper grand jury 'conclusively determines the existence of probable cause'"). The grand jury has returned an indictment against Coleman charging him with conspiring with others in the distribution and possession with the intent to distribute cocaine in violation of the Controlled Substances Act. Coleman's charge carries a maximum penalty of 20 years' incarceration. 21 U.S.C. § 841(b)(1)(C)(ii). This suffices to trigger § 3142's presumption that no condition or combination of conditions will reasonably assure Coleman's appearance and the safety of the community.

In face of the presumption in favor of detention, Coleman has the burden of production to come forward with some evidence that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. Coleman's burden is not heavy and is only a burden of production; the government retains at all times the burden of persuasion. *Id*. And yet the presumption itself never actually disappears because the Bail Reform Act "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*. (citations omitted). In the final analysis, a defendant must "present all the special features of his case" that take it outside "the congressional paradigm." *Id*. at 946.

The Court holds that Coleman has not produced evidence to make such a showing here and overcome the presumption in favor of detention. The nature and seriousness of the allegations against Coleman clearly favor detention as does his criminal history, which includes a second-degree murder conviction and a prior drug trafficking conviction. The Magistrate Judge heard and considered this same evidence in arriving at his decision to hold Coleman in detention. Coleman essentially seeks review of the Magistrate Judge's determination just because he has new counsel. That circumstance, however, does not show why Coleman is entitled to a bond or further review of the Magistrate Judge's order. Therefore, the Court **AFFIRMS** the decision of the Magistrate Judge and orders that Phillips be detained pending the outcome of the charges against him.

Consistent with 18 U.S.C. § 3142(i), the Court directs that Coleman be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court further directs that Coleman be afforded reasonable opportunity for private consultation

with counsel and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Coleman is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.  *See* 18 U.S.C. § 3142(i).

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: December 11, 2020.